DAWKINS, J.
Plaintiffs are the receivers for, and owners, respectively, of, certain large and valuable properties situated on Avoca Island in St. Mary parish, as well as citizens and taxpayers of said parish. They seek by this proceeding, first, to enjoin the state highway commission from constructing a part of route No. 2 (as set forth in the Act No. 95 of 1921, outlining the general highway system of the state) from Morgan City to Gibson along a certain route selected by it; and, second, to compel said commission to accept and use another route which they allege had been selected and rights of way obtained therefor before said commission or department was created or organized as it now exists. As an incident of the said prohibitive relief, they further asked that it be prohibited from expending a large sum named in- the petition for building a bridge across Bayou Beouff, where the proposed route crosses said stream, as a useless waste of public money.
An exception of no cause of action having been sustained, and the suit dismissed, plaintiffs prosecute this appeal.
*746 Opinion.
The question to be answered is: Does the law applicable to the case vest in the commission the power and discretion to determine the matters complained of, and, if so, does the petition disclose an abuse of that power?
The pertinent provisions of the Constitution are the following sections of article 6:
“Sec. 19. The Legislature shall provide for the establishment and maintenance of a system of hard-surface state highways and bridges, under the supervision of the board of state engineers, until otherwise provided by law, and shall provide for a general highway fund for the construction and maintenance thereof; shall authorize the acquisition, by expropriation or otherwise, of rights of way for highways, and drains therefor; may provide for the purchase or expropriation of property necessary or useful for the purpose of building and maintaining highways, hnd may require parishes, cities, towns, villages and road districts to contribute a certain proportion of the cost of construction of state highways and bridges; provided, that parishes which have completed such roads as may be part of the state highway system shall be given credit by the state highway fund for said mileage thus completed and accepted by the state highway department as against any sums which they might be called upon to contribute for further road building therein; shall provide for the immediate maintenance and resurfacing of the system of state highways and bridges, including portions of said system already constructed by the various parishes, from the general highway fund, and shall provide for the building of bridges over navigable streams wholly from the general highway fund, and -shall provide for the regulation of traffic on public highways. * * *
“Sec. 21. The Legislature shall provide for the expenditure of the general highway fund, created under this Constitution, in order to perfect a general system of state highways; and when said system shall have l^een completed, the Legislature shall provide an equitable reimbursement out of the general * * * fund to the parishes for the moneys theretofore spent by them on the state highway system.
“Sec. 23. All constitutional provisions, or laws, now in force relative to the construction and maintenance of highways, shall remain in force until the Legislature shall enact legislation to carry into effect the provisions of this Constitution.”
Pursuant to these provisions, and in order to parry them into effect, the Legislature, at the special session of 1921, passed Act No. 95, from which we also quote the provisions applicable to this case, as follows:
“Sec. 7. That there is hereby created a system of hard-snrface state highways. * * * The said highways shall extend, as nearly as possible, along the following described routes, the more specific mid detailed locations shall he determined hy the Louisiana highway commission, and in such manner as shall he prescribed hy law, hut in fixing such definite and detailed routes, said highways shall touch the various cities, towns and villages named herein. * * *
“Route 2. Beginning at the Texas state line, near Orange, Texas, thence * * * New Iberia, Franklin, Morgan City,, Gibson, Houma. * * *
“That, in its administration and control of the state highway system, the commission shall assume the immediate control and maintenance of such hard-surface public highways as heretofore have been constructed by parishes, road districts and municipalities, as designated in this act, or, at the present, recognized by the existing state highway department. 'In addition to such presently recognized hard-surfaced highways, the commission shall recognize as of primary importance, the roads already constructed and to be constructed connecting each parish site with the parish site of each adjoining parish, as well as with commercial, shipping and seaport centers, and such other highways as are necessary to connect the Louisiana system of highways with the highway systems of adjoining states; also, when not comprehended in the above designation, the presently existing main highways on both banks of navigable streams. And it shall be the duty of the commission to undertake first the completion of said primary roads; provided that whenever the engineering difficulties, or financial cost of construction, in the opinion of the commission, render the construction of any road inadvisable, it shall not undertake such work.”
“Sec. 21. That the office of state highway engineer created by Act No. 49 of 1910, is hereby abolished. * * * All outstanding contracts and obligations of said office and the rights and liabilities thereunder are • hereby transferred to the commission created by this act.”
(All italics are by the writer of this opinion.)
*748 [1] It seems clear, from the language of section 7, quoted above, that the commission is vested with the discretion and duty of ^electing “the more specific and detailed locations” of the routes specifically named (among which is route No. 2) “in such manner as shall be prescribed by law, but in fixing such definite and detailed routes, said highways shall touch the various cities, towns and villages named herein.” In this instance, the only requirement of the statute is that the route shall begin “at the Texas state line, near Orange, Texas, thence through * * * New Iberia, Eranklin, Morgan City, [to] Gibson, Houma,” etc., and shall “touch” these places; but “the * * * specific and detailed locations” are to “be determined by the Louisiana highway commission *. * * in such manner as shall be prescribed by law.” It is not altogether clear as to just what was meant by the expression “in such manner as shall be prescribed by law.” The statute itself, when enacted and at the present, is the latest expression of the Legislature upon the subject, and as above said it provides that the commission shall determine such “detailed locations” as were not specifically named between the points actually mentioned. Some restriction was laid upon it in the concluding portion of section 7, quoted and italicised above, “that whenever the engineering difficulties, or financial cost of construction, in the opinion of the commission, render the construction of any road inadvisable, it shall not undertake 'such work.” But this is an enlargement, really, rather than a restriction of its discretion, for it makes all of the work, including that mentioned as of “primary importance” subject to the judgment of the commission as to its advisability from an engineering or financial standpoint. Therefore it is not the province of the -court to interfere or to undertake a regulation of this discretion, unless it be in a ease of gross abuse of power.
No such condition is presented by the petition in this case. On the contrary, the proposed route is actually shorter and more direct than'the one contended for by petitioners, besides paralleling a trunk line railroad most of the (way, which may, because of facilities for obtaining road-building materials, make it cheaper.
[2] As to the bridge, it is conceded that Bayou Beouff is a navigable stream. The Constitution itself requires that bridges over such streams shall be built “wholly from the general highway fund,” and section 19 of the statute further provides:
“Such bridges shall be constructed over navigable streams as the commission from time to time, may decide. * * * ”
Here again the commission is authorized to use its discretion, and no sufficient allegation is made of abuse thereof to justify judicial interference.
[3] Plaintiffs further contend that by the use of the language in the third paragraph of section 7, quoted above, wherein it is said “that in its administration and control of the state highway system, the commission shall assume the immediate control and maintenance of such hard-surface public highways as heretofore have been constructed by parishes,” etc., the Legislature meant that the commission should be bound to accept all portions of such roads or routes, just as the parishes, or other subdivisions, or the former highway department, had constructed or outlined them, and was powerless to change the same or to select any other, no matter what the necessities might be or how much more advisable a different course should be in the, general scheme of highways for the state. We do not so construe it. What we think was meant was that the commission should be vested with control and should maintain such highways, and that it should recognize as of “primary importance the building of roads to connect parish, sites,” ptc., and the *750 maintenance of such portions of these primary roads as had already been built; the idea being that it should be empowered to. take charge of such roads and work falling within that class, and should give them preference in the building of the general system. This view seems fully supported by the grant of discretion heretofore discussed.
With regard to the mandatory relief sought with respect to the maintenance of the portion of road already constructed by the parish on Avoca Island, it is doubtful if the prayer of the petition asks for such independent of the demand that it be taken over as a part of said route No. 2. In any event, however, plaintiff has not alleged such a condition of neglect and refusal by the commission to perform the duties claimed to have been imposed upon it, to warrant the court’s intervention.
For the reasons assigned, the judgment appealed from is affirmed with costs.
Rehearing refused by the WHOLE COURT.